AMERICAN MORTGAGE CO. OF SCOTLAND (Limited) *v.* DOWNING.
(Two Cases.)

*(Circuit Court, D. Nebraska. 1883.)*

Note of decision holding agreement to pay attorney's fees in mortgage fore-closure valid.

These cases came up for hearing before Justice MILLER, of the supreme court of the United States, on motions to strike from the decrees the amounts allowed by the courts as attorney's fees.

*C. J · Phelps,* on behalf of Downing.

*Judge Hull* and *James M. Woolworth,* on behalf of the mortgage company.

Mr. Justice MILLER, in rendering the decision, remarked that, upon full review of the authorities, he was satisfied that the repeal of the Nebraska statute left the question as though no statute had ever been passed, and that, upon principle and authority, it was clear that parties were fully competent to make their own contracts, and there was nothing in the policy of the law which forbade them to agree to pay costs and expenses, including attorney's fees, which they might cause the loaner of money, by reason of their own default.

In no case cited was a satisfactory reason given why a provision in a mortgage to pay attorney fees should render the note non-negotiable, and it was absurd to say that it would render it usurious. Interest was allowed for the loan or forbearance of money, and it is quite evident when suit is begun to enforce the collection then forbearance ceases. The attorney fee is provided, not for use of money for a day, week, month, or year, or any other time, but is an incident to reimburse the owner in recovering his loan.

In the course of his opinion, Judge MILLER remarked that his sympathies were with the borrowing class, but he believed that a contract fairly and understandingly entered into should be enforced, and that the one by whose default the expense was incurred should pay the bill.

DUNDY, J., concurred.